**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on September 15, 2022**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MELVIN GRAYSON,**<br>**CHRISTOPHER WELLS,**<br>**JIMMY DAVIS,**<br>**also known as "Fatz,"**<br>**TERRELL WASHINGTON,**<br>**also known as "Turk,"**<br>**TYRONE RAGLAND,**<br>**also known as "Tech,"**<br>**JAMES KINARD,**<br>**also known as "Fat Rat,"**<br>**CHARLES CUNNINGHAM, and**<br>**KENNETH WATTS,**<br><br>**Defendants.** | : | **CRIMINAL NO.**<br><br>**GRAND JURY ORIGINAL**<br><br>**VIOLATIONS:**<br>**21 U.S.C. § 846**<br>**(Conspiracy to Distribute and Possess With Intent to Distribute Five Hundred Grams or More of Cocaine, One Hundred Grams or More of Heroin, Forty Grams or More of Fentanyl, and One Kilogram or More of Phencyclidine)**<br><br>**FORFEITURE:**<br>**21 U.S.C. §§ 853(a) and (p)** |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From on or about January 1, 2020, and continuing to January 2023, within the District of Columbia and elsewhere, **MELVIN GRAYSON, CHRISTOPHER WELLS, JIMMY DAVIS, also known as "Fatz," TERRELL WASHINGTON, also known as "Turk," TYRONE RAGLAND, also known as "Tech," JAMES KINARD, also known as "Fat Rat," CHARLES CUNNINGHAM, and KENNETH WATTS**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 500 grams or more; a detectable

amount of heroin, a Schedule I narcotic drug controlled substance, and the amount of said mixture and substance was 100 grams or more; a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 40 grams or more; and a detectable amount of Phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); (b)(1)(B)(i); (b)(1)(B)(vi) (b)(1)(A)(iv); and 846.

Quantity of Cocaine, Heroin, Fentanyl, and Phencyclidine Involved in the Conspiracy:

With respect to defendant **MELVIN GRAYSON,** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was five hundred grams or more, a detectable amount of heroin, a Schedule I narcotic drug controlled substance, and the amount of said mixture and substance was one hundred grams, , a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was forty grams or more, and a detectable amount of Phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); (b)(1)(B)(i); (b)(1)(B)(vi); (b)(1)(A)(iv); and 846.

With respect to defendant **CHRISTOPHER WELLS,** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was forty grams or more, in violation of

Title 21, United States Code, Sections 841(a)(1);841(b)(1)(B)(vi); and 846.

With respect to defendant **JIMMY DAVIS, also known as "Fatz,"** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was five hundred grams, and a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was forty grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii) and (b)(1)(B)(vi).

With respect to defendant **TERRELL WASHINGTON, also known as "Turk,"** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

With respect to defendant **TYRONE RAGLAND, also known as "Tech,"** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of Phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv) and a detectable amount of cocaine in violation of Section 841(b)(1)(C).

With respect to defendant **JAMES KINARD, also known as "Fat Rat,"** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved

a mixture and substance containing a detectable amount of Phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv) and a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance in violation of 841(b)(1)(C).

With respect to defendant **CHARLES CUNNINGHAM,** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of Phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv).

With respect to defendant **KENNETH WATTS,** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a mixture and substance containing a detectable amount of Phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one hundred grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iv).

**(Conspiracy to Distribute and Possess With Intent to Distribute Five Hundred Grams or More of Cocaine, One Hundred Grams or More of Heroin, Forty Grams or More of Fentanyl, and One Kilogram or More of Phencyclidine,** in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Count One of this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Matthew M. Graves/DTH

Attorney of the United States in
and for the District of Columbia.